UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA STULMAN | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE | : | 2:07-cv-01530-LS |
| UNIVERSITY, et al. | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of the Objection of Defendant, Professor Robert A. Yarber, to Plaintiff's Notice of Videotape Deposition Dated July 20, 2007, and of the response thereto, if any, filed by the plaintiff, it is hereby ORDERED as follows:

      1.    The Objection of Defendant, Professor Robert A. Yarber, to Plaintiff's Notice of Videotape Deposition Dated July 20, 2007 is SUSTAINED;

      2.    Plaintiff's Notice of Videotape Deposition is STRICKEN to the extent it purports to require Professor Yarber to appear for deposition in Philadelphia; and

      3.    Professor Yarber's deposition shall take place on July 25, 2007, starting at or around 10:00 a.m. at the law offices of McQuaide Blasko in State College, Pennsylvania.

BY THE COURT:

_____
Lawrence F. Stengel, J.

PHLDMS1 3234877v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA STULMAN | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY, | : | 2:07-cv-01530-LS |
| | : | |
| CHARLES GAROIAN, | : | |
| | : | |
| ROBERT YARBER, and | : | |
| | : | |
| GRAHAM SPANIER | : | |
| | : | |
| Defendants | : | |

**OBJECTION OF DEFENDANT, PROFESSOR ROBERT A. YARBER, TO PLAINTIFF'S NOTICE OF VIDEOTAPE DEPOSITION DATED JULY 20, 2007**

**I.   INTRODUCTION**

Defendant, Professor Robert A. Yarber, objects to plaintiff's Notice of Videotape Deposition dated July 20, 2007, because while caselaw is clear that a defendant should be deposed where they reside or do business (and in Professor Yarber's case, that location is University Park, Pennsylvania), the plaintiff's Notice would require Professor Yarber to appear for deposition in Philadelphia.  For the reasons stated below, the Court should strike plaintiff's Notice of Videotape Deposition to the extent it would require an appearance in Philadelphia, and direct Professor Yarber's deposition to proceed as previously proposed, on July 25, 2007, at the law offices of McQuaide Blasko in State College, Pennsylvania.

**II.     GROUNDS FOR RELIEF**

     1.     Defendant Robert A. Yarber is employed as a Distinguished Professor of Art at the Pennsylvania State University School of Visual Arts in University Park, Pennsylvania, and resides in the surrounding area of Centre County, located within the Middle District of Pennsylvania.

     2.     On July 12, 2007, the Court entered as Document 17 a Scheduling Order which provides, in relevant part, that "the deposition of defendant Professor Robert Yarber shall be scheduled and completed by July 31, 2007." See Exhibit A (Scheduling Order).

     3.     By letter dated and faxed to all counsel on July 13, 2007, undersigned defense counsel stated in part as follows:

> This will confirm that White and Williams plans to produce Professor Robert A. Yarber for deposition in this action on Wednesday, July 25, 2007, starting at 10:00 a.m. <u>at the offices of McQuaide Blasko located at 811 University Drive, State College, Pennsylvania 16801-6699</u>.

See Exhibit B (Letter, July 13, 2007) (emphasis supplied).

     4.     Over the six days which followed, plaintiff's counsel did not express any disagreement as to the proposed location of Professor Yarber's deposition.

     5.     On July 20, 2007, plaintiff's counsel issued a Notice of Videotape Deposition for Professor Yarber, which purports to require Professor Yarber to appear for deposition at the office of plaintiff's counsel in Philadelphia, Pennsylvania. See Exhibit C (Letter and Notice, July 20, 2007).

      6.     Plaintiff's counsel appears to believe that Professor Yarber is required to appear for deposition in Philadelphia, because the plaintiff commenced this action in the Eastern District of Pennsylvania.  See id. (Letter, including the statement that "the notice calls for Professor Yarber to appear in the district where the case is pending.").

      7.     "A party seeking discovery must go where the desired witnesses are normally located."  Farquhar v. Selden, 116 F.R.D. 70, 72 (E.D. Mich. 1987).  A defendant who resides outside the judicial district in which suit was filed is normally deposed at its principal place of business.  See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business").

      8.     Federal decisions, holding that a defendant corporation and its employees are each deposed where they reside, are legion.  See, e.g., Buzzeo v. Bd. of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("The deposition of a non-resident defendant, however, is generally conducted at the defendant's place of residence"); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982) ("If a corporation objects to depositions at a location other than its principal place of business, the objections should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation."); Mitchell v. American Tobacco Co., 33 F.R.D. 262, 263 (M.D. Pa. 1963) ("The courts have generally held that depositions of officials of a corporate party should be taken at the corporation's place of business.").

9. Pennsylvania courts concur. See <u>Pennington v. Cuprum</u>, 32 Pa. D.&.C. 4th 75, 81 (North. Cty. 1996) (holding, in reliance on federal decisions, that "the oral deposition of the employees of [defendant] Cuprum shall be conducted at Cuprum's corporate headquarters in Mexico.").

10. The reason for the rule is that a defendant, individual or corporate, has in no way selected the forum of the action, and should not be required to appear for deposition there. See <u>Farquhar</u>, 116 F.R.D. at 73 (requiring plaintiff to depose defendant, a citizen of the Netherlands who allegedly committed torts in the United States, in Amsterdam). "Thus, courts have held that plaintiffs normally cannot complain if they must take discovery at great distances from the forum." <u>Payton v. Sears, Roebuck & Co.</u>, 148 F.R.D. 667, 669 (N.D. Ga. 1993).

11. This Court may take judicial notice of the fact that the 192 mile journey from State College to Philadelphia, at a reasonable rate of speed, will require at least three hours and thirty minutes of driving time. See Packel & Poulin, <u>Pennsylvania Evidence</u> at § 201.2 ("The distance between places has been held to be a proper subject for judicial notice."). Professor Yarber should not be required to devote more than seven hours of road time to a nearly 400 mile round trip, to attend a videotape deposition in a District where he does not work or reside, and which he did not select for this action.

12. Consistent with the authority discussed above, and pursuant to the relief authorized by Fed. R. Civ. P. 26 (c), plaintiff should be required to depose Professor Yarber in State College, Pennsylvania, as proposed by defense counsel seven days ago.

13. Defense counsel certifies pursuant to Local Rule 26.1 (f) that after reasonable effort, the parties have been unable to resolve the dispute concerning the location of Professor Yarber's deposition. Defense counsel proposed State College for the deposition on July 13, yet plaintiff's Notice of Videotape Deposition and accompanying correspondence dated July 20 specifically notes plaintiff's insistence that the deposition be taken in Philadelphia. Compare Exhibits B and C.

## III.  CONCLUSION

For the reasons stated above, defendant Robert A. Yarber asks the Court to enter an Order in the form submitted, striking plaintiff's Notice of Videotape Deposition to the extent it purports to require Professor Yarber to appear for deposition in Philadelphia, and requiring the deposition to go forward on July 25, 2007, starting at or around 10:00 a.m. at the law offices of McQuaide Blasko in State College, Pennsylvania.

>    RHM 4782
>
>    Thomas M. Goutman (TMG 2512)
>    Richard H. Maurer (RHM 4782)
>    WHITE AND WILLIAMS LLP
>    1800 One Liberty Place
>    Philadelphia, PA 19103-7395
>    (215) 864-7088
>    (215) 789-7588 fax
>    Counsel for Defendants, Dr. Charles R. Garoian and
>    Professor Robert A. Yarber

Dated: July 20, 2007

## CERTIFICATE OF SERVICE

Richard H. Maurer hereby certifies that on this date, a copy of the Objection of Defendant, Professor Robert A. Yarber, to Plaintiff's Notice of Videotape Deposition Dated July 20, 2007 was served upon the following counsel of record by electronic service:

>David S. Senoff, Esquire
>BILLET & CONNOR, P.C.
>2000 Market Street
>Suite 2803
>Philadelphia, PA 19103-3201
>Counsel for Plaintiff, Joshua Stulman
>
>Jerome M. Marcus, Esquire
>MARCUS, AUERBACH & ZYLSTRA, LLC
>P.O. Box 8876
>Elkins Park, PA 19027
>Counsel for Plaintiff, Joshua Stulman
>
>James M. Horne, Esquire/Pa. Atty. No. 26908
>Katherine H. Allen, Esquire/Pa. Atty. No. 77676
>MCQUAIDE, BLASKO, SCHWARTZ, FLEMING & FAULKNER, INC.
>811 University Drive
>State College, PA 16801-6699
>(814) 238-4926
>(814) 234-5620 fax
>Counsel pro hac vice for Defendants, The Pennsylvania State University and Graham Spanier

>RHM 4782
>Richard H. Maurer/Pa. Atty. 70298
>WHITE AND WILLIAMS LLP
>1800 One Liberty Place
>Philadelphia, PA 19103-7395
>(215) 864-7088
>(215) 789-7588 fax

Dated: July 20, 2007